**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Feahsa Nicole Edith Rouzan,<br><br>Plaintiff,<br><br>v.<br><br>Terminix International/ServiceMaster,<br><br>Defendant. | No. CV19-05081-PHX-DGC<br><br>**ORDER** |

Defendant Terminix International/ServiceMaster has filed a motion to dismiss, or in the alternative, for summary judgment. Doc. 7. Plaintiff has filed no response to the motion and the time for doing so has expired. *See* LRCiv 7.2(c). The Court will grant the motion and dismiss Plaintiff's claims.

**I.  Background.**

Plaintiff filed a pro se complaint against Defendant on May 20, 2019, asserting employment discrimination and harassment claims. Doc. 1-3 at 8-11. Defendant filed the present motion on September 10, 2019. Doc. 7. The Court entered an order on October 1, 2019, advising Plaintiff that a motion to dismiss had been filed and extending the deadline for Plaintiff to respond. Doc. 9. The Court advised Plaintiff that she must file a response to the motion and that copies of the Federal Rules of Civil Procedure and the Court's Local Rules could be obtained from the Clerk's office. *Id.* at 2. The Court warned Plaintiff that "her failure to respond to the motion 'may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.'" *Id.* (quoting LRCiv 7.2(i)).

The Court further warned Plaintiff that if she failed to prosecute this action or comply with the rules or any order, the Court may dismiss the action. *Id.* (citing Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992)).

**II.     Dismissal.**

This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers).

The Ninth Circuit has established "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see Ferdik*, 963 F.2d at 1260-61. "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.*

Applying factor 3, the Court concludes that Defendant will be prejudiced by Plaintiff's refusal to respond to the motion to dismiss and comply with the Court's orders. Defendant has taken timely action to address Plaintiff's claims and reduce the cost and complexity of this litigation. Plaintiff's refusal to respond, if permitted to continue, would only frustrate those efforts. Applying factor 5, the Court concludes that alternative sanctions are not appropriate. The Court afforded Plaintiff ample time to respond to Defendant's motion to dismiss and explicitly warned her that failure to do so could result

in the granting of the motion. *See* Doc. 9. Plaintiff nonetheless failed to respond or take any other action to prosecute her claims. The Court will grant Defendant's motion to dismiss.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 7) is **granted**.

2. The Clerk is directed to terminate this action.

Dated this 5th day of November, 2019.

David G. Campbell
Senior United States District Judge